No. 15,108.

WELSH *v.* INDEPENDENT LUMBER COMPANY.

(133 P. [2d] 535)

Decided January 11, 1943.

Mr. A. B. CROSSWHITE, for plaintiff in error.

Messrs. McMULLIN, STERNBERG & HELMAN, Mr. THOMAS K. YOUNGE, for defendant in error.

*En Banc.*

MR. JUSTICE FETZER delivered the opinion of the court.

THIS review concerns a judgment entered by the county court in favor of Independent Lumber Company, plaintiff below, to which we hereinafter refer as "Company", against Winifred Krusen (also sometimes known as Winifred Crosswhite), W. R. Hall, as the Conservator of the Estate of Martha J. Welsh a mental incompetent, and W. S. Meek the public trustee in and for Mesa county, Colorado, adjudging that a mechanic's lien of

the company for material furnished was superior to a deed of trust for the use of plaintiff in error, which deed of trust was executed and recorded September 5, 1939, prior to the time the material in question was ordered. W. S. Meek, as public trustee, acknowledged service and disclaimed any interest in the litigation. W. R. Hall (as conservator of the estate of Martha J. Welsh, a mental incompetent), to whom we hereinafter refer as "Conservator", acknowledged service and made no defense to the action. No party appearing to defend, default was entered against each of the defendants January 23, 1941, followed by judgment against Winifred Krusen, to whom we hereinafter refer as "Krusen," in the sum of $280.30 with costs. The court found: "That the material so furnished and for which the plaintiff is hereby decreed to have a lien, was furnished at the special instance and request of the said Winifred Krusen and of Martha J. Welsh prior to the time that the latter was declared a mental incompetent; that the material so furnished was used to improve the property hereinafter described and that it enhanced the value of the property upon which the defendant Martha J. Welsh held a trust deed; that by reason of the foregoing facts the lien of the plaintiff is superior to the lien of the trust deed given by said Winifred Krusen to the said Martha J. Welsh." The court adjudged that the lien of the plaintiff is superior to the lien of the deed of trust. No application was made to the county court to set aside the judgment nor relieve Welsh from the effect thereof. Welsh, appearing by Weller, her next friend, has sued out a writ of error under the provisions of Rule 17 C(c), R.C.P. Colo. because of the failure of her Conservator to act. Her next friend did not, however, appear in any way in the county court to redress a grievance, if any.

Welsh was adjudged a mental incompetent November 28, 1939. Conservator was appointed February 19, 1940. The materials were delivered between December 27,

1939 and May 18, 1940. Welsh, by her next friend, contends that since the trust deed was recorded more than three months prior to the time the materials were furnished that a purely legal question is raised for our consideration and that incident thereto another proposition is presented relating to the mental incompetency of Welsh at the time the alleged contract for materials was made. It is argued that the record is entirely documentary and is at variance with the judgment of the lower court, and that Welsh was incapable of making a valid contract for the materials.

An examination discloses findings and adjudication of facts, and that no effort was made by Welsh, or by anyone appearing for her, in the county court to refute the allegations or findings of fact nor to set aside the judgment, nor has any opportunity been afforded the county court to correct its findings or judgment, if erroneous.

We conclude that since plaintiff in error failed to make application to the county court for relief, jurisdiction for review does not obtain.

The writ of error is dismissed.